# EXHIBIT A

**Arnold & Porter**

**Paul J. Fishman**
+1 973.776.1901 Direct
Paul.Fishman@arnoldporter.com

September 3, 2025

**VIA E-MAIL**

Mark McCarren
Assistant U.S. Attorney
U.S. Attorney's Office
District of New Jersey
970 Broad Street, 7th Floor
Newark, NJ 07102

      Re:    *United States v. LaMonica McIver*, Crim. No. 25-388

Dear Mr. McCarren:

      As you know, on August 26, 2025, the Court directed Congresswoman McIver "to submit a letter to the other side detailing the specific discovery requests sought in" her motion to dismiss based on selective and vindictive prosecution. ECF 25. To that end, this letter outlines a proposed discovery plan that is tailored to the issues we raised in our memorandum in support of that motion.

      Congresswoman McIver proposes conducting discovery in two phases, "[c]onsistent with the measured steps . . . envisioned by the Third Circuit" in evaluating claims of selective enforcement and prosecution. *United States v. Washington*, No. CR 13-171-2, 2021 WL 120958, at *18 (E.D. Pa. Jan. 13, 2021) (describing *United States v. Washington*, 869 F.3d 193, 221 (3d Cir. 2017)). Initially, the U.S. Attorney's Office would provide documents responsive to the particular categories we describe below. Once that production is complete, counsel for Congresswoman McIver would have the opportunity to seek additional document discovery and to take "in person" "testimony" as necessary and appropriate to further substantiate her claims. *Washington*, 869 F.3d at 221.

    **I. Document Discovery**

        A. Definitions

           1. "Communication" means the transmittal of information by hard copy or electronic means, including but not limited to messages sent by text, voicemail, instant message, chat, or email on any personal or official

**Arnold & Porter**

Mark McCarren
September 3, 2025
Page 2

> government device, on any server, platform, application, or other method of communication maintained or provided by any agency of the United States government or third-party, including but not limited to iCloud, Telegram, Signal, and WhatsApp.
>
> 2. "Prosecution Team" means every Department of Justice (DOJ) or Department of Homeland Security (DHS) official who has participated in the investigation or prosecution of the events at Delaney Hall on May 9, 2025,[1] including but not limited to:
>
>    - the Attorney General (AG), the Deputy Attorney General (DAG), the Associate Attorney General (AAG), the Assistant Attorney General for the Criminal Division, the Interim or Acting U.S. Attorney for the District of New Jersey, and members of their staffs;
>
>    - the DHS Secretary, Deputy Secretary, General Counsel, Assistant Secretary for Public Affairs, Assistant Secretary for Legislative Affairs, and members of their staffs;
>
>    - all federal law enforcement or other personnel, including but not limited to those employed by U.S. Immigration and Customs Enforcement (ICE) or its components, such as Enforcement and Removal Operations (ERO) and Homeland Security Investigations (HSI), who were present at Delaney Hall on May 9, 2025, as well as those in their supervisory chain;
>
>    - all members of ICE Leadership, including but not limited to the Acting Director, Deputy Director, Chief of Staff, Associate Executive Director for ERO, the Associate Executive Director for HSI, the Principal Legal Advisor, and members of their staffs.

While we have identified the agencies and officials whom we have reason to believe are most likely to have relevant and responsive materials, we are amenable to discussing whose communications should be the initial subjects of these requests.

---

[1] *See United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008); *United States v. Pelullo*, 399 F.3d 197, 216 (3d Cir. 2005); U.S. Dep't of Justice, *Justice Manual* § 9-5.001(B)(2).

**Arnold & Porter**

Mark McCarren
September 3, 2025
Page 3

We also expect that you will identify any other agencies that might have responsive records.

    B. Time Period

Unless otherwise specified, the time period for each request is January 20, 2025, through June 10, 2025.

    C. Document Requests[2]

1. Any communication sent to, from, between, or among any member of the Prosecution Team that refers in any way to Congresswoman McIver's: oversight activity; statements about Delaney Hall, other immigration facilities, DHS, or ICE; other political or policy views; or political party.

2. Any communication sent to, from, between, or among any member of the Prosecution Team that refers in any way to Mayor Ras Baraka's statements about Delaney Hall or efforts to have Delaney Hall inspected by Newark officials.

3. Any communication sent to, from, between, or among any member of the Prosecution Team that refers in any way to Mayor Baraka's political or policy views, or political party.

4. Any communication on or after January 20, 2025 through the present, sent to, from, between, or among any member of the Prosecution Team discussing or instructing how agents, employees, or officers of ICE, HSI, or ERO, or the personnel of third-party contractors such as GEO Group or Core Civic, should respond to any request or attempt by any Member of Congress, including but not limited to Congresswoman McIver, Congressman Rob Menendez, and Congresswoman Bonnie Watson Coleman, to conduct a congressional oversight visit of any immigration facility, including but not limited to Delaney Hall.

---

[2] Additional document requests may be warranted depending on the information produced during the first phase of discovery.

**Arnold & Porter**

Mark McCarren
September 3, 2025
Page 4

5. Any communication on or after January 20, 2025 through the present, regarding any policy or practice related to congressional visits to immigration facilities.

6. Any communication on or after May 9, 2025 through June 10, 2025, sent to, from, between, or among any member of the Prosecution Team that compares, discusses, describes, or analyzes Congresswoman McIver's conduct and that also refers in any way to defendants who were charged under 18 U.S.C. § 111 for their conduct at the U.S. Capitol on January 6, 2021.

7. Any communication on or after May 9, 2025 through June 10, 2025, sent to, from, between, or among any member of the Prosecution Team regarding whether to comply with or bypass DOJ policies requiring the Public Integrity Section of the Criminal Division to review and evaluate potential charges against Members of Congress pursuant to the DAG's Memorandum on Policies and Procedures in Criminal Investigations Involving Members of Congress and Staff, which was distributed on or about November 7, 2023.

8. Any communication on or after January 20, 2025 through June 10, 2025, sent to, from, between, or among the AG, the DAG, the U.S. Attorney for the District of Columbia, the Acting U.S. Attorney for the District of Columbia, or any members of their staffs that relates to the dismissal of federal criminal prosecutions of defendants charged with violating 18 U.S.C. § 111 in connection with their role in the events that took place at the U.S. Capitol on January 6, 2021, and that also mentions or refers to any political or policy views, or political affiliation or party, of those defendants.

9. Any communication on or after January 20, 2025 through the present, regarding any formal or informal policies or procedures related to criminal investigations involving Members of Congress.

II.   **In-Person Testimony**

Following the document production by the U.S. Attorney's Office, Congresswoman McIver proposes depositions of one or more relevant officials of the Prosecution Team regarding whether and to what extent Congresswoman McIver's

**Arnold & Porter**

Mark McCarren
September 3, 2025
Page 5

oversight activity, political or policy views, political party, or any other constitutionally impermissible factor played a role in the decision to investigate or charge her and/or to distinguish her from defendants who were charged under 18 U.S.C. § 111 for their conduct on January 6, 2021. However, the identification of such witnesses would not be appropriate or feasible until we have had the opportunity to review and analyze the initial document production, and to follow up with any additional document requests based on that initial production.

\* \* \*

As we hope is apparent, we have narrowly tailored our proposed scope of discovery to focus on evidence showing that the enforcement and charging decisions in this case were motivated by constitutionally impermissible factors. To be clear, Congresswoman McIver does not currently seek discovery related more broadly to the Prosecution Team's assessment of either the strength of its case or its consideration of other factors that are lawfully within the DOJ's purview when making charging decisions.

We appreciate, of course, that we are seeking discovery from a number of document custodians. However, we are firmly operating under the assumption that the U.S. Attorney's Office has already preserved, collected, and reviewed much of that material in order to satisfy its constitutional and ethical obligations[3] to identify and provide Congresswoman McIver and her legal team with all exculpatory evidence in the possession of the Prosecution Team. In addition, to expedite this process, we are amenable to discussing search terms that the U.S. Attorney's Office might employ to identify responsive documents. If necessary, we are also prepared to address the possibility of *in camera* disclosure of certain documents before they are produced to us directly. *See Washington*, 869 F.3d at 218.

Finally, we are available at your earliest convenience to meet and confer about these requests. As you know, the Court's August 26 letter-order provides that, "[i]f the parties cannot agree, they shall submit the disputed requests in a letter to the Court." ECF No. 25. Given the existing briefing schedule, we believe that we

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); N.J. Rules Prof'l Conduct, R. 3.8(d); U.S. Dep't of Justice, Justice Manual §§ 9-5.001 & 9-5.002.

Arnold & Porter

Mark McCarren
September 3, 2025
Page 6

should attempt to resolve any disputes as quickly as possible. Please let us know when you are available.

    Thank you.

                                                      Sincerely,

                                                      Paul J. Fishman

cc:    Lee M. Cortes, Jr.
        Amanda J. Raines